_____

No. 95-1240
_____

Robert A. Thomas,                    *
                                     *
              Petitioner,            *
                                     *    Petition for Review of an Order
     v.                              *    of the National Transportation
                                     *    Safety Board.
David R. Hinson, Administrator,      *
Federal Aviation Administration,     *
                                     *
                                     *
              Respondent.            *
                      _____

          Submitted:  September 15, 1995

              Filed:  January 26, 1996
                      _____

Before FAGG, MAGILL, and MURPHY, Circuit Judges.
                      _____

FAGG, Circuit Judge.

     Robert A. Thomas petitions for review of a National Transportation Safety Board (NTSB) order suspending his airplane pilot certificate for fifteen days.  We deny Thomas's petition for review.

     After taking a prospective buyer on a demonstrative flight, Thomas, the president of a St. Louis air carrier company, and Guin, a company employee, piloted the aircraft back to St. Louis.  The aircraft required only one pilot, but both Thomas and Guin were in the cockpit piloting the plane.  According to Thomas's written statement to the Federal Aviation Administration (FAA), Guin was the flying pilot, manipulating the plane's controls, and Thomas was the nonflying pilot, communicating with air traffic control, calling the checklist and altitudes, setting the flaps, and looking for the runway.  On the approach to the airport, Guin stated he was

lowering the gear and moved the gear handle. Thomas saw the handle was in the down position, but did not check the gear-down indicator light to make sure the gear had actually been lowered. When the plane was near landing, Thomas noticed the gear-down indicator light was not illuminated, and directed Guin to "go around" rather than land the plane. A gear-up landing was avoided, but the aircraft's propellers scraped the runway. After pulling up and circling the airport again, the plane landed safely.

The FAA later suspended both Guin's and Thomas's pilots certificates for violating 14 C.F.R. § 91.13(a), which states, "No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." Guin settled his case, and after a hearing, an administrative law judge (ALJ) affirmed the FAA's suspension order against Thomas. The NTSB affirmed.

In this petition for review, Thomas contends 14 C.F.R. § 91.13(a) is unconstitutionally vague and ambiguous as applied to him. Thomas argues there are no duties or responsibilities for acts or omissions of a second pilot on a single-pilot aircraft, and thus, Thomas had no notice of a duty to verify that Guin had lowered the landing gear and that his failure to do so would violate § 91.13(a).

A regulation is unconstitutionally vague if it fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. Grayned v. City of Rockford, 408 U.S. 104, 108 (1972); see Throckmorton v. National Transp. Safety Bd., 963 F.2d 441, 444-45 (D.C. Cir. 1992) (requiring reasonable degree of certainty about prohibited conduct). In this case, the regulation was clear enough to give Thomas notice that any careless conduct on his part was prohibited. Section 91.13(a) does not limit its reach to a pilot-in-command or a pilot who manipulates the flight controls. Administrator v. Bischoff, 2 N.T.S.B. 1013, 1014, 1974

WL 19276, at *2 (Sept. 13, 1974).  Instead, the regulation applies to any person who operates an aircraft, and Thomas does not challenge the ALJ's finding that he was actively involved in the aircraft's operation, see 14 C.F.R. § 1.1 (defining "operate" as using aircraft for air navigation).  The NTSB has rationally held the regulation applies to any operator who participates in, authorizes, or permits the prohibited careless operation.  Bischoff, 2 N.T.S.B. at 1015, 1974 WL 19276, at *2.  Here, the NTSB could reasonably infer that Thomas participated in careless operation of the airplane.  See id.

Thomas also argues that even if this was a two-pilot operation, he was entitled to rely on Guin's statement that he had lowered the landing gear.  Thomas did not raise this argument before the NTSB, however, so we need not consider it.  49 U.S.C.A. §§ 1153(b)(4), 46110(d) (West 1995).  We think the argument is meritless, anyway.  Contrary to Thomas's assertion, Guin did not "confirm" he lowered the gear, but merely stated he was lowering it as he moved the gear handle.  In fact, Guin testified that he did not verify that the gear was lowered by checking the gear-down indicator light because standard operating procedure required Thomas, the nonflying pilot, to make the verification.  The record also contradicts Thomas's assertion that he relied on Guin's statement.  For these reasons, the reliance cases cited by Thomas are distinguishable from the facts of this case.

In sum, because Thomas was actively involved in the airplane's operation, he had a clear duty under § 91.13(a) not to operate the airplane in a way that would endanger the life or property of another.  We thus deny Thomas's petition for review.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.