# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1963

_____

| | | |
|---|---|---|
| Trans States Airlines, Inc., | * | |
| | * | |
| Petitioner, | * | |
| | * | On Petition for Review of an |
| v. | * | Order of the Federal Aviation |
| | * | Administration. |
| Federal Aviation Administration, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 12, 2005
Filed: March 8, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Trans States Airlines, Inc. petitions to review the Federal Aviation Administration's order that Trans States failed to maintain current flight, duty, and rest time records for its pilots. Having jurisdiction under 49 U.S.C. § 46110, this court upholds the FAA's decision and denies the petition for review.

Trans States, a certified air carrier, employs "line" pilots, as well as "management" pilots. Line pilots fly a published monthly schedule and are paid by the hour. Management pilots, who are salaried, do not fly a predetermined schedule, but fly to stay qualified, or when not enough line pilots are available.

The Federal Aviation Regulations provide that air carriers shall "[m]aintain current records of each crewmember . . . that show whether the crewmember . . . complies with the applicable sections of this chapter, including . . . flight, duty, and rest time records." 14 C.F.R. § 121.683(a)(1). For its line pilots, Trans States uses a computer program that automatically updates their schedules as airplanes arrive and depart. In contrast, management pilots (typically) update their schedules immediately before their next flight assignment, by completing a "Daily Crew Status Report" and submitting it to the Trans States scheduling department.

On September 7 and 14, 1999, an FAA inspector requested Trans States's flight, duty, and rest time records. Trans States gave the inspector what purported to be "current" records for its pilots during August 1999. After comparing these records with payroll data, the inspector determined that the records were inaccurate because they did not reflect the August duty time of seven management pilots.

After a hearing, the FAA found that Trans States had failed to maintain current flight, duty, and rest time records, and assessed a $25,000 civil penalty. The decision was upheld by the FAA decisionmaker. Trans States appeals, arguing that the FAA erred in interpreting 14 C.F.R. § 121.683(a)(1). In particular, Trans States asserts that the FAA construed too strictly the requirement that the records be "current."

This court reviews the FAA's interpretation of its aviation regulations with deference. *See* **King v. Nat'l Transp. Safety Bd.**, 362 F.3d 439, 444 (8th Cir. 2004). The FAA's decision is upheld unless "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*, citing 5 U.S.C. § 706(2)(A); **Watkins v. NTSB**, 178 F.3d 959, 961 (8th Cir. 1999). "The Supreme Court has cautioned courts to be 'hesitant to substitute an alternative reading for the [agency]'s unless that alternative reading is compelled by the regulation's plain language or by other indications of the [agency]'s intent at the time of the regulation's promulgation.'"

*Advanta USA, Inc. v. Chao*, 350 F.3d 726, 728 (8th Cir. 2003), *quoting Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988).

According to Trans States, under the FAA's interpretation, "at one minute after the 'management' pilot had worked his usual hours, the inspector could review the records and find that Trans States is in violation." Similarly, Trans States claims that the FAA's interpretation is unconstitutionally vague because the FAA "cannot reasonably infer that the regulation was clear enough to give Trans States notice that the statute required up to the minute records for every management pilot."

Trans States exaggerates. The Trans States records were not out of date by only one minute. Rather, its records were out of date for periods ranging from at least seven days, to over a month. The FAA did not abuse its discretion in determining that the Trans States records were not "current" within the plain language of the regulation. *See Edwards v. F.A.A.*, 367 F.3d 764, 767 (8th Cir. 2004). Equally, the FAA's interpretation is not unconstitutionally vague, because an ordinary person would know what the regulation requires. *See Thomas v. Hinson*, 74 F.3d 888, 889 (8th Cir. 1996).

Trans States emphasizes the distinction between management pilots and line pilots. It says that it "understood the system to be that 'line' [pilots'] records would be kept up to date automatically by the computer while the 'management' pilots with irregular schedules would update their records *prior* to accepting any flight assignment." (emphasis in original). Trans States believes this satisfies the regulation's purpose of ensuring compliance with flight-time limits.

The regulation, however, makes no distinction between line and management pilots. Rather, it says that current records must be maintained for "each

crewmember," which includes both kinds of pilots. Because the regulation makes no such distinction, this court finds that the FAA did not abuse its discretion in not recognizing one.[1]

Finally, Trans States argues that the FAA erred in relying on payroll data to determine that the pilot records were inaccurate. According to Trans States, the FAA should not have relied on the payroll data because the data were inaccurate and incomplete.

However, Trans States has not identified even a single example of how an inaccuracy in the payroll data caused the FAA to reach an incorrect determination. As the FAA decisionmaker found, "none of Trans States' witnesses contested the accuracy of any of the payroll or flight check records used by [Inspector] Harristhal." *In the Matter of Trans States Airlines, Inc.*, FAA Order No. 2005-2, 2005 WL 916048, *5 n.10 (March 8, 2005).

The petition for review is denied.

_____

---

[1]For this reason, the FAA did not err in excluding evidence that would have further described the distinction between management pilots and line pilots.