# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1892

_____

| | | |
|---|---|---|
| Matthew J. Hopkins, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review |
| v. | * | of an Order of the |
| | * | Federal Aviation Administration. |
| Marion C. Blakey, Administrator, | * | |
| Federal Aviation Administration, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: June 20, 2007
Filed: June 28, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Matthew Hopkins petitions for review of an order of the National Transportation Safety Board (Board), affirming an administrative law judge's (ALJ's) decision in favor of the Administrator of the Federal Aviation Administration (FAA). The Board's order assessed a $1,500 civil penalty against Hopkins for operating an aircraft carelessly and without proper certifications. The assessment resulted from Hopkins's August 2003 collision with a power line and forced landing while operating a two-seat "Parascender II."

For reversal, Hopkins argues that, at the time of the August 2003 incident, he was the sole occupant of the Parascender II, and it therefore qualified as an "ultralight vehicle" under Part 103 of the Federal Aviation Regulations (FAR), 14 C.F.R. § 103.1 ("an ultralight vehicle is a vehicle that: (a) Is used or intended to be used for manned operation in the air by a single occupant"). As such, Hopkins continues, the regulations cited against him by the FAA did not apply to his operation of his Parascender II.

In response, the Administrator agrees that ultralight vehicles are not regulated to the same degree as other aircraft. However, the Administrator argues, Hopkins's Parascender II did not qualify as an ultralight vehicle under section 103.1(a) because it had two seats. The Administrator explains that Part 103 was promulgated with the recognition that ultralight vehicles are generally used in sparsely populated areas for recreation or sport and involve personal risks of which passengers on such vehicles cannot be presumed to know; thus, ultralight vehicles were purposely defined in the regulations as accommodating no more than one occupant (except if used for instructional purposes, for which an authorized exemption is required).

Jurisdiction in this court is proper under 49 U.S.C. §§ 46110, 46301(d)(6). This court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the Board's order. See 49 U.S.C. § 46110(c). We review the Board's order to "determine whether it was arbitrary, capricious, an abuse of discretion, or contrary to law, giving substantial deference to the FAA's interpretation of its statutes and regulations." Edwards v. FAA, 367 F.3d 764, 767 (8th Cir. 2004) (citation omitted); see also Martin v. Occupational Safety & Health Review Comm'n, 499 U.S. 144, 150 (1991) ("It is well established that an agency's construction of its own regulations is entitled to substantial deference." (internal quotation marks omitted)).

Upon careful review, we hold that the Board's decision was not arbitrary, capricious, an abuse of discretion, or contrary to law, and we defer to the

Administrator's reasonable interpretation of section 103.1(a). See Trans States Airlines, Inc. v. FAA, 439 F.3d 863, 864 (8th Cir. 2006) ("The Supreme Court has cautioned courts to be hesitant to substitute an alternative reading for the [agency]'s unless that alternative reading is compelled by the regulation's plain language or by other indications of the [agency]'s intent at the time of the regulation's promulgation." (internal quotation marks omitted)); Edwards, 367 F.3d at 768 (deference to administrative agency's reasonable construction of statute is appropriate where agency is entrusted with administration of statute); cf. Watkins v. NTSB, 178 F.3d 959, 961 (8th Cir. 1999) (per curiam) (whether agency's action is arbitrary and capricious depends on whether agency offered explanation for any decision that runs counter to evidence or is so implausible that it could not be ascribed to difference in view or product of agency expertise). Moreover, substantial evidence presented at the hearing before the ALJ supported the Board's finding that information explaining the FAA's interpretation of section 103.1(a) was publicly available during the relevant time period. See 49 U.S.C. § 46301(d)(6) (findings of fact of Board are conclusive if supported by substantial evidence).

Accordingly, Hopkins's petition for review is denied.

_____